### HUMPHREYS vs. KING.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL

DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

1. The law empowering a judge of the late Superior Court of the territorial government, to appoint curators to minors, &c., and grant letters of curatorship to probate judges, is repealed and that authority vested in a justice of the peace.

2. A *Court* is not ousted of its jurisdiction in consequence of the sole judge of it, being interested in a suit *as being personally incapacitated.*

3. If a probate judge is a curator, his Court is the proper and *exclusive jurisdiction* to compel him to *account*, although from personal interest he cannot *sit;* yet there is no other jurisdiction to try the case, which is a *cassus omissus*, that the judiciary cannot supply.

This suit was commenced in the District Court by the plaintiff against the defendant, as her *curator ad bona*, who is her uncle, and also the parish judge of the parish of St. Landry, to compel him "*to render an account of his administration.*"

Judge King was appointed curator *ad bona* to the plaintiff the 8th of October, 1812, by the hon. Geo. Mathews, then one of the judges of the Superior Court of the Orleans teritory. The petitioner alledges that her curator has collected various sums of money, which were due and owing to herself and two brothers as heirs, amounting to $4,186,39. She claims one third of this amount, as one of the three heirs to whom it was coming, to wit: $1,395,46, with interest from the 6th of May 1813, until paid.

G

The plaintiff further alleges that her said *curator ad bona*, is parish judge and *ex officio* judge of the Court of Probates, and cannot be sued before said Court, while acting as such judge.    She prays that he may be cited to appear in the District, and compelled to render an account of his administration as curator *ad bona*, and be adjudged to pay over the amount claimed in the petition as due and owing to her.

The defendant excepted to answering in the District Court, because " it has no jurisdiction of the cause, but that the matters set forth, therein are only cognizable in the Court of Probates, &c. "

The district judge sustained the exceptions to the jurisdiction and gave judgment for the defendant.

*Lewis* and *Brownson* for plaintiff.    This action is brought to compel the defendant, as curator *ad bona* to a settlement. The case is a peculiar one, which must be brought in the District Court.

1. Because the defendant was appointed in 1812 curator *ad bona*, by a judge of the Superior Court of the late territory of Orleans, he being a judge of the Court of Probates in his own parish, must account to the Court that appointed him, and cannot be compelled to a settlement in his own Court.    Acts of 1811. P. 146. §. 2.

2. The District Courts possess the same powers as belonged to the superior Court of the territory.    1 Moreau. Dig. 295. Code Prac. 924. No. 2. 9. 925. 998. 1013. 12. Mar. 230.

*Bowen* for the defendant.    The question here is whether the District Court possesses the jurisdiction to try this case? I contend it has not!

1. It is a well settled principle that Probate Courts have exclusive jurisdiction of all the matters committed to them.

2. This being a suit to compel as curator to account and pay over certain funds, is peculiarly within the province and jurisdiction of the Court of Probates.    4 Mar. N. S. 536.

Code of Prac. 924. 5 Mar. N. S. 136. Acts of 1813. Page 102. §. 1. Acts of 1828. Page 160.

Western District.
*September*, 1830.

HUMPHREYS
*vs.*
KING.

*Martin J.* delivered the opinion of the Court. The plaintiff is appellant from a decision of the District Court sustaining the defendant's plea to its jurisdiction.

The latter who is parish judge of the parish of St. Landry, was under the territorial government, appointed *curator* of the plaintiff, then a minor, by one of the judges of the Superior Court. The object of the present suit was to obtain a settlement of accounts, which the defendant contended the District court had no jurisdiction to act upon.

It has been contended by the appellee's counsel, that by the Code of Practice 924. No. 9. the Court of Probates have the *exclusive* power to compel curators to render their accounts ; and consequently District Courts are without jurisdiction for such an object.

The appellant's counsel has urged that the defendant being parish judge, and as such *ex officio* judge of the Court of Probates of his parish, is not sueable in this Court : and therefore, the Court being without jurisdiction of the present case, the District Court, which has a general jurisdiction of all cases not exclusively given to another Court, is not ousted of its jurisdiction : Further, that the curatorship having been granted by a judge of the Superior Court of the late territory, ulterior proceedings—were to be had in that Court ; and all cases pending therein have been transferred to the District Courts, whose jurisdiction extended to *all civil cases*, when the matter in dispute exceeds $50. C. P. 126. Further, that by the Code of Practice, Article 997, judges of Probate Courts can call to account those curators, only, whom they have appointed.

1. The act which authorised judges of the Superior Courts of the territory to grant letters of curatorship to probate judges has been repealed, and the authority has been vested in a justice of the peace.

The law empowering a judge of the late Superior Court of the Territorial government, to appoint Curators to Minors, &c,

Western District.
*September*, 1830.

HUMPHREYS
*vs.*
KING.

and grant letters of Curatorship to Probate Judges, is repealed and that authority vested in a Justice of the Peace.

A *Court* is not ousted of its jurisdiction in consequence of the sole Judge of it, being interested in a suit *as being personally incapacitated.*
If a Probate Judge is a Curator, his Court is the proper and *exlusive jurisdiction* to compel him to *account* although from personal interest he cannot *sit*; yet, there is no other jurisdiction to try the case, which *is* a *casus omissus,* that the judiciary cannot supply.

2. We are of opinion that a Court is not ousted of its juris' diction, by the circumstance of the sole judge of it, having an interest in a suit, as being *personally incapacitated.*

3. In such a case we do not believe the jurisdiction of the court is affected—and it is the province of the legislature to make special provision; as they have in case of a district judge. Till this be done, the case is a *casus omissus,* which does not derange the jurisdiction of the Court, and it is not for the judiciary to apply the remedy.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.